**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CESAR QUINTERO CALLE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-2362-M |
| | § | |
| **FEDERAL BUREAU OF** | § | |
| **INVESTIGATION, et al.,** | § | |
| | § | |
| Defendants. | § | |

**RECOMMENDATION REGARDING REQUEST TO PROCEED
IN FORMA PAUPERIS ON APPEAL**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management.

Before the Court is Plaintiff's *Motion to Proceed On Appeal In Forma Pauperis*, received April 12, 2011 (doc. 27).

(**X**)  The request for leave to proceed *in forma pauperis* on appeal should be DENIED because the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that the appeal is not taken in good faith because Plaintiff's appeal is an interlocutory appeal of an order denying the appointment of counsel (doc. 24). *See* 28 U.S.C. §§ 1291, 1292(a),(b). *See also McGrew v. Roundtree*, 385 Fed. Appx. 406 (5th Cir. July 20, 2010) (affirming the denial of IFP in an appeal of an interlocutory order); *Nellon v. Smith*, 239 F.3d 365 (5th Cir. Nov. 8, 2000)(unpublished) (dismissing an appeal of an unappealable interlocutory order for lack of jurisdiction); *Marler v. Adonis Health Products*, 997 F.2d 1141, 1144 (5th Cir. 1993) (holding that an order denying the appointment of counsel in a non-civil rights case is an unappealable interlocutory order).

**If the Court denies the request to proceed *in forma pauperis* on appeal, Plaintiff may challenge the denial by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within thirty days after service of the notice required by Fed. R. App. P. 24(a)(4).  *See* Fed. R. App. P. 24(a)(5).**

**SIGNED this 26th day of April, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE