# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CESAR QUINTERO CALLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-2362-M |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION, et al., | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is Defendants' *Motion to Dismiss, or in the Alternative, for Summary Judgment*, filed February 18, 2011 (doc. 15). Based on the relevant filings, evidence, and applicable law, the motion to dismiss should be **DENIED**, and the alternative motion for summary judgment should be **GRANTED**.

## I. BACKGROUND

Plaintiff Cesar Quintero Calle ("Plaintiff") was convicted in the United States District Court, Southern District of Florida, and is currently serving a twenty-year sentence in the Federal Correctional Institution in Seagoville, Texas. Plaintiff has sent several written requests to the U.S. Department of Justice ("DOJ") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act, 5 U.S.C. § 552a, seeking agency records relating to himself and to a third party. The DOJ received these requests through its constituent agencies, the Federal Bureau of Investigation (the "FBI"), the Executive Office for U.S. Attorneys ("EOUSA"), and the Criminal

Division ("CMD").

The DOJ received Plaintiff's first request through a letter dated January 21, 2010, which was initially received by the EOUSA and later forwarded to the FBI. (D. App. at 15, 28-36.) The letter sought records relating to Plaintiff as well as detailed records for phone numbers belonging to FBI special agent Christopher Neuguth; a voice recording of a call made from Plaintiff's cell phone at 305-799-5555 to the FBI's Providence, Rhode Island office at phone number 401-272-4338 on August 24, 2005, at 12:47 p.m. lasting 5.85 minutes; and all records concerning communications between himself, agent Neuguth, and DEA agent Anthony Cardello. (*Id.*)

On April 19, 2010, the FBI informed Plaintiff that it had assigned a number to his request for his own records, and had begun the search for those records. (*Id.* at 15, 38.) It also informed him that it had assigned a separate number to his request for records regarding agent Neuguth, but was returning it for failure to provide proof of death or an executed privacy waiver form. (*Id.* at 15, 40.) The FBI stated that without proof of death or a privacy waiver, the disclosure of third-party information contained in law enforcement records, should they exist, is considered both a clearly unwarranted invasion of privacy under exemption (b)(6), 5 U.S.C. § 552(b)(6), and an unwarranted invasion of personal privacy under exemption (b)(7)((C), 5 U.S.C. § 552(b)(7)(C). (*Id.*) The FBI notified him of his right to appeal its decision to the DOJ Office of Information and Privacy ("OIP") within 60 days. (*Id.*)

On May 19, 2010, Plaintiff sent additional correspondence to the FBI, stating that he had recently learned of agent Neuguth's removal from the FBI's office in Providence Rhode Island as a result of an official investigation. (*Id.* at 16-17, 42.) He requested recordings and transcripts of his conversations with agent Neuguth at telephone number 401-272-4338, and in particular, a voice

recording lasting 5.85 minutes on August 24, 2005 at 12:47 p.m. (*Id.*) He also submitted a copy of the attachment to his original request in January 2010. (*Id.* at 16-17, 43.)

On May 28, 2010, the FBI informed Plaintiff that it had conducted a search for his own records but did not locate any responsive records. (*Id.* at 17, 48.) It also notified him of his right to appeal the FBI's decision to the OIP within 60 days. (*Id.*) On May 29, 2010, Plaintiff appealed the "blanket denial" of his request to the OIP. (*Id.* at 17, 50.)

On June 16, 2010, the FBI informed Plaintiff that it had assigned a separate number to his request for records concerning agent Cardello and was returning it. (*Id.* at 17-18, 52-55.) The FBI stated that without proof of death or a privacy waiver, the disclosure of third party information contained in law enforcement records, should they exist, is considered both a clearly unwarranted invasion of privacy under exemption (b)(6), and an unwarranted invasion of personal privacy under exemption (b)(7)((C). (*Id.*) It notified him of his right to appeal the decision to the OIP within 60 days. (*Id.*)

That same month, Plaintiff sent the EOUSA and the OIP a letter requesting access to the phone recording made on August 24, 2005 at 12:47 p.m. at the FBI's office in Providence, Rhode Island, from phone number 401-272-4338 to his cell phone at 305-799-5555, lasting 5.85 minutes. (*Id.* at 18, 59-65.) On September 20, 2010, Plaintiff again requested that the FBI provide him that same voice recording. (*Id.* at 18-19, 69-71.)

On September 29, 2010, OIP affirmed FBI's refusal to confirm or deny the existence of any records responsive to his request regarding the two agents. (*Id.* at 19, 73.) OIP noted that Plaintiff had not provided the FBI with privacy waivers from the two agents. (*Id.* at 73.) Relying on exemption (b)(7)(C), OIP informed him that "without consent, proof of death, official

3

acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy." (*Id.* at 19, 73.)

On October 5, 2010, Plaintiff stated in a letter that his request was solely for his own voice recording of conversations with FBI agent Neuguth on August 24, 2002 at 12:47 p.m., lasting 5.85 minutes. (*Id.* at 19, 75-76.) He alleged that the recording was in the possession of the FBI's Rhode Island office. (*Id.*) On October 22, 2010, the FBI notified him that in response to his letters dated June 23 and June 29, 2010, it had changed the subject of his request to "Phone recording (305) 799-5555 (8/24/2005)" but had not located any records as a result of a new search. (*Id.* at 20, 78-79.)

On November 18, 2010, Plaintiff filed this action under the FOIA and the Privacy Act against the DOJ, the FBI, the CMD, and the supervisor of FBI's office in Providence, Rhode Island (collectively "Defendants"). (*Id.* at 1-3.) He claimed that Defendants had failed to produce, respond, and comply with his request for the voice recording lasting 5.85 minutes from August 24, 2005, at 12:47 p.m., and all other information concerning agent Neuguth's alleged dismissal. (*Id.* at 4.) He alleged that the court had jurisdiction under 5 U.S.C. § 552(a)(4)(b), requested that he be furnished with the voice recording at issue within ten days as provided by 5 U.S.C. § 552(a)(6)(A), and sought an order compelling production of the requested records as well as an in camera review of the alleged voice recording. (*Id.* at 6-7.)

On November 29, 2010, the FBI responded to Plaintiff's letter dated October 5, 2010, and informed him that it had reopened his request, assigned it a new number, and performed another search without locating any responsive records. (*Id.* at 20-21, 78-79.) On January 13, 2011, the FBI released to Plaintiff a redacted transcription of what appears to be an agent's notes of a telephone

4

call to a "Cesar" at 305-799-5555 on August 24, 2005, and a telephone call about "Cesar Quintero" to another individual on August 31, 2005, as well as a redacted copy of the FBI complaint form concerning Plaintiff's complaint of alleged wrongdoing by an FBI agent. (*Id.* at 21, 87-90.) The FBI determined that no record exists of "phone recordings of the FBI line 401-272-4338, of a phone call that took place on August 24, 2005 at 12:47 p.m. that lasted 5.85 minutes to cellular phone 305-799-555." (*Id.* at 25.)

Plaintiff now moves to dismiss this action for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and in the alternative for summary judgment. With a timely filed response and reply, the motions are now ripe for consideration.

## II. 12(b)(6) MOTION TO DISMISS

Defendants move to dismiss Plaintiff's FOIA and Privacy Act claims under Rule 12(b)(6) on grounds that they have produced all non-exempt records pertaining to his request for a voice recording, therefore rendering it moot,[1] and that the request for third party information is exempt under the FOIA.

Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*,

---

[1] An argument that a claim is moot challenges a court's subject matter jurisdiction because it implicates Article III's requirement that a claim be live throughout the pendency of the litigation. *See Eddins v. Excelsior Ind. Sch. Dist.*, 88 F.Supp.2d 695, 701 (E.D. Tex. Mar. 15, 2000) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Generally, the proper procedural vehicle for bringing an argument based on mootness is a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See AmWest Sav. Ass'n v. Farmers Mkt. of Odessa, Inc.*, 753 F.Supp. 1339, 1347 (W.D. Tex. 1990). Where, however, "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under either Rule 12(b)(6) or Rule 56. *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir.1981); *see also Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1347 (5th Cir. 1985). Here, DOS' jurisdictional attack is inextricably intertwined with the merits of Plaintiff's FOIA action, because in order to decide both mootness and the merits of Plaintiff's FOIA action, the Court must decide whether Defendants improperly withheld agency records under § 552(a)(4)(B). *See Marcussen v. Leavitt*, 2005 WL 3664802, at *11 (D.N.M. Dec. 19, 2005) (converting a motion to dismiss on grounds of mootness into a motion for summary judgment because ruling on subject matter jurisdiction under the FOIA required a determination of the same facts as an adjudication on the merits).

197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In the 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In addition, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [his or] her claim." *Collins*, 224 F.3d at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). When a party presents "matters outside the pleading" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 & n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56", and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Because Defendants attach evidence in support of their Rule 12(b)(6) motion that Plaintiff neither referred to in his complaint nor filed with it, the Court proceeds to their alternate motion for summary judgment.

### III. MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment on Plaintiff's FOIA and Privacy Act claims on the ground that they have released all non-exempt records pertaining to his requests. They specifically argue there are no records responsive to his specific request for the voice recording and all non-exempt information pertaining to the phone call at issue has been released. They also argue that third party records that he seeks are exempt under the FOIA.

6

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In a FOIA and Privacy Act case, a defending agency has the burden to sustain its action and show that it acted in accordance with the statutes. *See Batton*, 598 F.3d at 175 (FOIA); *Cooper Cameron Corp. v. U.S. Dep't of Labor, OSHA*, 280 F.3d 539, 543 (5th Cir. 2002) (FOIA); *Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009) (FOIA and Privacy Act). To meet its summary judgment burden, the agency must demonstrate that its search for the requested material was adequate and that any withheld material is exempt from disclosure. *See Cooper*, 280 F.3d at 543 (FOIA); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (FOIA); *Sussman v. U.S. Dep't of Justice*, 2006 WL 2850608, at *2 (E.D.N.Y. Sept. 30, 2006) (FOIA and Privacy Act). The agency may meet its burden based on affidavits or declarations, and is entitled to a "presumption of legitimacy" in their analysis unless there is evidence of bad faith in handling the FOIA request. *Batton*, 598 F.3d at 176; *Cooper Cameron*, 280 F.3d at 543. "The presumption of legitimacy, however, does not relieve the withholding agency of its burden of proving that the factual information sought falls within the statutory exemption asserted." *Batton*, 598 F.3d at 176 (citing *Stephenson v. IRS*, 629 F.2d 1140, 1145 (5th Cir. 1980)). An affidavit or declaration does not suffice if it merely recites statutory standards, or of it makes conclusory, vague, or sweeping assertions. *Cooper*, 280 F.3d at 543. "[B]ecause the burden to establish an exemption remains with the agency, the district court should not grant summary judgment based on a 'conclusory and generalized' assertion, even if the FOIA requester has not controverted that assertion." *Id.* (quoting *Niagara Mohawk Power Corp. v. U.S. Dep't of Energy*, 169 F.3d 16, 18 (D.C. Cir.1999)).

## A. FOIA and the Privacy Act

The FOIA embodies a philosophy of full disclosure by government agencies and requires them to make their records available to the public. 5 U.S.C. § 552; *Halloran v. Veterans Admin.*, 874 F.2d 315, 318 (5th Cir. 1986). Many of these records must be published in the Federal Register; the rest may be requested from an agency. 5 U.S.C. § 552(a). Upon receipt of a request for records, an agency must make the requested records promptly available to the requesting party, unless the records fall under one of nine exemptions listed in the FOIA. *Id.* § 552(a) & (b). The agency, moreover, must disclose any "reasonably segregable portion of a record" after deletion of the exempt portion of the record. *Batton v. Evers*, 598 F.3d 169, 178 (5th Cir. 2010) (citing *id.* § 522(b)). An agency has the burden of proving that particular documents or portions thereof are exempt from disclosure. *Sharyland Water Supply Corp. v. Block*, 755 F.2d 397, 398 (5th Cir. 1985). If an agency improperly withholds agency records, a district court has jurisdiction to enjoin it from withholding those records and to order their production. 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 143 (1989). An agency record is "improperly" withheld if it does not fall within one of the nine exemptions enumerated in the FOIA. *See Tax Analysts*, 492 U.S. at 150-51.

While the FOIA is intended to increase access to governmental information, the Privacy Act provides individuals more control over the gathering, dissemination, and accuracy of agency information related to themselves. *Pierce v. Dep't of Air Force*, 512 F.3d 184, 191 (5th Cir. 2007). It also affords general access by an individual to federal agency records; upon request, it requires an agency that maintains a system of records to permit an individual access to his own records or to information pertaining to himself. *See May v. Dep't of Air Force*, 777 F.2d 1012 (5th Cir. 1985); *Villanueva v. Dep't of Justice*, 782 F.2d 528, 531 (5th Cir. 1986) (citing 5 U.S.C. § 552a(d). Despite

an overlap, the FOIA and the Privacy Act have their own functions and limitations. *See Pierce*, 512 F.3d at 191 (citations omitted); *Greentree v. U.S. Customs Serv.*, 674 F.2d 74, 76 (D.C. Cir. 1982). Since each statute "provides or limits access to material not opened or closed by the other," requesters seeking broad access to information about themselves make their requests pursuant to both statutes. *Sussman*, 2006 WL 2850608, at *4 (quoting *Greentree*, 674 F.2d at 78).

## B. Voice Recording and Related Records

Defendants argue that they have released all records responsive to Plaintiff's request for the voice recording, and that the redacted portions fall under exemptions 552(b)(6) and (b)(7)(C).

Defendants submit the declaration of David M. Hardy, Section Chief of FBI's Record/ Information Dissemination Section, Records Management Division, in Winchester, Virginia. The Hardy declaration describes in reasonable detail Plaintiff's requests, the related correspondence between him and the agencies, and the searches conducted for the documents. It also proclaims that the FBI has no record of the specific voice recording at issue, and that the searches revealed no records except for the redacted documents. Defendants have shown, based on the Hardy declaration, that the agency searches were adequate and that they have produced all responsive records.

Defendants also argue, although in little detail, that the redacted portions of the related records fall under exemptions (b)(6) and (b)(7)(C) of the FOIA. Exemption (b)(6) of the FOIA provides that an agency need not disclose "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption (b)(6) is not only intended to include medical and personnel files, but also *"all private or personal information contained in other files*, which if disclosed to the public, would amount to a clearly unwarranted invasion of the privacy of any person." *U.S. Dep't of State v.*

9

*Washington Post Co.*, 456 U.S. 595, 602 n. 3 (1982) (emphasis added). Exemption (b)(7)(C) exempts from disclosure "records or information compiled for law enforcement purposes . . . [that] could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id.* § 552 (b)(7)(C). Whether disclosure is warranted under the two exemptions depends not on the particular purpose for which the document is requested, but on the nature of the document requested and its relationship to the basic purpose of the FOIA to open agency action to the light of public scrutiny. *See Batton*, 598 F.3d at 180 (citing *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 772 (1989); *Avondale Indus., Inc. v. NLRB*, 90 F.3d 955, 960 (5th Cir. 1996)). These FOIA exemptions are controlling as to the Privacy Act claim as well; if disclosure of third party records constitutes an unwarranted invasion of personal privacy and if there is no written consent to release the records, both the FOIA and the Privacy Act forbid their release. *See Kiraly v. FBI*, 728 F.2d 273, 275 (6th Cir. 1984).

Review of the redacted documents shows that only the identity, location, telephone numbers, and email addresses of third parties have been redacted, which is the type of information subject to the protection of exemption (b)(6).[2] *See Patterson v. IRS*, 56 F.3d 832, 836 n.5 (7th Cir. 1995) (all information applying to a particular individual meets the threshold requirement for exemption (b)(6)). The privacy concerns of revealing this personal third party information is significant, even if Plaintiff already knows the redacted information. *See Cano v. DEA*, 2006 WL 1441383, at *3 (D.D.C. May 24, 2006). The public interest on the other hand is non-existent because Plaintiff is seeking this information to prove that he was wrongfully convicted. The fact that the FBI's denial

---

[2] Defendants have failed to meet their burden to show that the records and information at issue were compiled for law enforcement purposes within the meaning of exemption (b)(7)(C). *See Patterson*, 56 F.3d at 836-37.

of his request may hinder his efforts to challenge his conviction is irrelevant because "courts have consistently refused to recognize any public interest in disclosure of information to assist a convict in challenging his conviction." *Pugh v. FBI*, --- F. Supp. 2d ----, 2011 WL 2474026, at \*\*2-5 (D.D.C. June 23, 2011) (quoting *Burke v. U.S. Dep't of Justice*, No. 96–1739, 1999 WL 1032814, \*4 (D.D.C. Sept. 30, 1999)). Even if he is asserting a public interest of showing that a responsible official acted improperly in the performance of his duties, he "must establish more than a bare suspicion in order to obtain disclosure" and "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004); *see also McNamera v. U.S. Dep't of Justice*, 974 F.Supp. 946, 960 (W.D. Tex. 1997) (compelling evidence is needed to establish that the agency is engaged in illegal activity and that the information sought is necessary in order to confirm or refute that evidence); *Pugh*, 2011 WL 2474026, at \*4 (D.D.C. June 23, 2011) (an unsupported assertion of government wrongdoing is not sufficient to demonstrate that the public interest sought to be advanced is significant, and that release of the requested information is likely to advance that interest). In the absence of evidence of an overriding public interest, the government properly redacted third-party information pursuant to exemption (b)(6).

Since Defendants have produced all non-exempt information related to Plaintiff's request for the voice recording, they are entitled to summary judgment on Plaintiff's FOIA and Privacy Act claims based on that request.

**C. Third Party Records**

Defendants argue that Plaintiff's request for third party information related to agent Neuguth's alleged dismissal is also subject to exemptions (b)(6) and (b)(7)(C) absent proof of death

or a privacy waiver from agent Neuguth.

In its response to Plaintiff's request for agent Neuguth's records, the government asserted what is known as a "Glomar response," stating that without proof of death or a privacy waiver, the disclosure of third-party information contained in law enforcement records, should they exist, is considered both a clearly unwarranted invasion of privacy under exemption (b)(6), and an unwarranted invasion of personal privacy under exemption (b)(7)((C). *See Arabian Shield Dev. Co. v. CIA*, 1999 WL 118796, at *1 n.2 (N.D. Tex. Feb. 26, 1999) (the government's refusal to confirm or deny the existence of documents is know as a "Glomar response"). On appeal, the government explained that without consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy.

While neither the Glomar response nor Defendants' brief provide a detailed explanation of how the records sought fall within the claimed exemptions, it is clear that Plaintiff's request seeks disclosure of personnel files related to an FBI agent's alleged dismissal and is therefore subject to the protection of exemption (b)(6).[3] As before, the privacy concerns from the disclosure of the files, if any, are significant, and there is no evidence of an overriding public interest weighing in favor of disclosure. *Cano v. DEA*, 2006 WL 1441383, at *3 (citing *Ripskis v. Dep't of Housing and Urban Development*, 746 F.2d 1, 3-4 (D.C.Cir.1984) (there is a general privacy interest in the personnel files of government employees). Additionally, the government's refusal to affirm or deny the

---

[3] Defendants have failed to explain how these records were compiled for law enforcement purposes within the meaning of exemption (b)(7)(C). *See Patterson*, 56 F.3d at 837-38.

existence of the third party information sought is proper. To determine the propriety of such a refusal, it must be considered whether "the fact of the existence or nonexistence of the requested records falls within a FOIA exemption." *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1178 (D.C. Cir. 2011). Here, the fact of the existence or non-existence of the requested records falls within exemption (b)(6) because it can reveal personal information about whether or not an investigation was conducted into agent Neuguth's conduct, possibly stigmatize him, and most certainly impinge on his privacy.

Since Plaintiff's request for records related to agent Neuguth's alleged dismissal also falls under exemption (b)(6), Defendants are entitled to summary judgment on his FOIA and Privacy Act claims with respect to that request as well.

## IV. RECOMMENDATION

Defendants' motion to dismiss should be **DENIED**, their alternative motion for summary judgment should be **GRANTED**, and Plaintiff's FOIA and Privacy Act claims against them should be dismissed with prejudice.

**SO RECOMMENDED** on this 5th day of August, 2011.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE